# In The
# United States District Court
## For the Northern District Of Illinois, Eastern Division

| | |
|---|---|
| JOHN F. TAMBURO ) | Case Number: |
| *Plaintiff* ) | |
| ) | |
| -against- ) | **CIVIL COMPLAINT WITH A** |
| ) | **JURY DEMAND** |
| CLAVIO LAW OFFICES, P.C., ) | |
| (a professional corporation), ) | 07CV6570 |
| KLEVER GREEN LANDSCAPING, INC., ) | JUDGE BUCKLO |
| (an Illinois Corporation) ) | MAGISTRATE JUDGE COLE |
| ROBERT DEACETIS, personally, ) | |
| CHRISTOPHER C. ZELNIS, personally ) | |
| JOHN C. CLAVIO, personally ) | |

NOW COMES BEFORE THIS HONORABLE COURT your Plaintiff, John F. Tamburo ("John"), appearing *pro se* and complaining as follows of the defendants named hereinabove:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in certain practices as set forth in the statute.

2. This action further seeks damages under the common law for civil offenses, and declaratory relief as to the non-existence of a breach of agreement.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

1

6. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## THE PARTIES

7. John is a citizen and resident of Manhattan, Will County, Illinois.

8. Defendant KLEVER GREEN LANDSCAPING, INC. ("KLEVER GREEN") is an Illinois corporation, with its principal place of business in Will County Illinois.

9. Defendant Robert Deacetis ("DEACETIS") is the sole owner of KLEVER GREEN, and is a citizen and resident of Will County, Illinois.

10. Upon information and belief, KLEVER GREEN is an alter-ego of DEACETIS, who operates and uses KLEVER GREEN, in bad faith, as a shield against personal liability for acts authored by him. Further, upon information and belief, DEACETIS uses KLEVER GREEN as an alter-ego and transacts his personal business through the corporation, and vice versa, so that they are both inextricably linked, and therefore jointly and severally liable for the acts of each other.

11. Defendant CLAVIO LAW OFFICES, P.C., ("LAW OFFICES") is an Illinois professional corporation with its principal place of business in Frankfort, Will County, Illinois.

12. Defendant CHRISTOPHER C. ZELNIS ("ZELNIS") is an attorney licensed by the State of Illinois, who holds himself out as a member of LAW OFFICES. See Exhibit 1.

13. Defendant JOHN C. CLAVIO ("CLAVIO") is an attorney licensed by the State of Illinois, who holds himself out as a member of LAW OFFICES. See Exhibit 2.

14. Defendants LAW OFFICES, CLAVIO and ZELNIS are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## THE FACTS

15. KLEVER GREEN and John contracted to mow the lawn at his home for the 2007 season.

16. KLEVER GREEN, in August of 2007, breached its agreement by failing to properly cut John's lawn, to wit, after substantial rain storms which resulted in rapid growth of John's lawn, KLEVER GREEN failed to bag the grass clippings, leaving a thick and foul-smelling carpet of dead grass clippings on John's lawn.

17. John repeatedly telephoned KLEVER GREEN to ask for the problem to be remedied. KLEVER GREEN ignored John's telephone calls.

18. John finally resorted to FAXing KLEVER GREEN to ask for something to be done about KLEVER GREEN's damage to the lawn, but received a telephone voice message that KLEVER GREEN refused to do anything to remedy their error unless John paid it $310.

19. John tendered a check to KLEVER GREEN for the $310 it demanded. KLEVER GREEN did not immediately cure its breach of agreement by repairing the lawn. John then telephoned KLEVER GREEN again to find out what if anything would be done about his lawn. DEACETIS phoned John and promised John that he would personally supervise the correction of KLEVER GREEN's mishandling of John's lawn.

20. DEACETIS broke his promise and was not present when KLEVER GREEN dispatched its employees to John's home. The employees again failed to bag the grass clippings, instead chopping them finer and driving them into John's lawn.

21. The result of KLEVER GREEN's action was a thick layer of thatch, which also caused a severe grub infestation. John's expenses to fix his lawn will exceed $650.

22. The $310 check John gave to Klever Green was returned due to a bank error. However DEACETIS demanded $335 from John and refused to represent the check as required by 720 ILCS 5/17-1a.

23. Deacetis then hired LAW OFFICES to collect from John.

24. ZELNIS, on behalf of LAW OFFICES, mailed a certified letter (the "FIRST LETTER") to John, dated October 4, 2007. It is attached as Exhibit 1. John received the letter on October 9, 2007.

25. John responded to the letter by tendering a money order for $310 on November 8, 2007, as payment in full for all services rendered (the "MONEY ORDER"). The Money order was marked "PAID IN FULL."

26. John delivered the money order and a letter offering to settle the issue to LAW OFFICES personally on November 8, 2007.

27. John paid cash for the Money Order.

28. CLAVIO and LAW OFFICES are aware that John paid cash for the Money Order.

29. On November 15, 2007, CLAVIO, on behalf of LAW OFFICES mailed a letter to John in which he stated that "my clients [DEACETIS and KLEVER GREEN] reject your check in the amount of $310" and then demand a check "in the total amount of $547" on pain of lawsuit within an unspecified period of time (the "SECOND LETTER"). See Exhibit 2.

30. Notwithstanding said rejection, CLAVIO and/or DEACETIS and/or KLEVER GREEN kept the money order, in order to force John to tender an *additional* $547 in money not owed to any defendant, and to intentionally cause hardship to John, and to intentionally refuse to mitigate damages by depriving John of the benefit of the rejected $310 to pay this alleged debt.

## COUNT ONE – FDCPA (1)

31. The FIRST LETTER was written by a licensed attorney.

32. The FIRST LETTER failed to inform John that he had the right to dispute the validity of the debt within 30 days of the receipt of the letter as required by 15 USC § 1692g(a)(3).

33. The FIRST LETTER failed to inform John that, if John "writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 USC § 1692g(a)(4).

34. The FIRST LETTER failed to inform John that, "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 USC § 1692g(a)(5).

35. The alleged "debt" owed to KLEVER GREEN and DEACETIS is a "debt" as defined in 15 USC § 1692a(5), inasmuch as KLEVER GREEN was retained to by John to cut the grass at his home.

36. The FIRST LETTER was the "initial communication" from LAW OFFICES.

37. ZELNIS acted under CLAVIO's instructions or with his agreement.

38. ZELNIS and LAW offices, acting with malicious intent, did intentionally violate the FDCPA in order to present to John the false impression that he had no right to dispute this alleged debt.

39. John has, as a proximate result of ZELNIS' and LAW OFFICE's intentional acts, suffered actual monetary and emotional damages and distress, and is entitled so substantial actual damages as will be shown at trial.

40. ZELNIS and LAW OFFICES did maliciously intend to terrorize John with the fact that an attorney was demanding money under the threat of legal action that ZELNIS and LAW OFFICES knew could not state a claim, in order to keep John from asserting his defenses to KLEVER GREEN's demands with the threat of mounting "attorney fees."

41. LAW OFFICES violated the FDCPA and owes John $1000 in statutory damages, plus actual damages that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

42. ZELNIS violated the FDCPA and owes John $1000 in statutory damages, plus actual damages that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

43. CLAVIO violated the FDCPA and owes John $1000 in statutory damages, plus actual damages that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

## COUNT TWO – FDCPA (2)

44. The SECOND LETTER was written by a licensed attorney.

45. The SECOND LETTER contained no FDCPA-mandated notices of any kind.

46. The SECOND LETTER violates the FDCPA by failing to disclose that the communication was from a debt collector, even though it is required by 15 USC § 1692e(11) for all subsequent communications to the first communication.

47. The SECOND LETTER violates the FDCPA because, after CLAVIO was put on notice of the failure of consideration by KLEVER GREEN and DEACETIS, he still, in knowing violation of 15 USC 1692e(2)(A) represented the legal status of the alleged debt as due and owing.

48. The SECOND LETTER violates the FDCPA because, after CLAVIO was put on notice of the failure of consideration by KLEVER GREEN and DEACETIS, he still, in knowing violation of 15 USC 1692e(5) threatened to file a lawsuit, which is an action that cannot legally be taken against John, because such a lawsuit would fail to state a claim upon which relief may be granted.

49. CLAVIO, in combination with KLEVER GREEN and DEACETIS, intended to collect double on the alleged debt, and retained the Money Order in order to effectuate a plan to do so, and intended to commit the offense of theft when he refused to return the Money order to John.

50. John has, as a proximate result of CLAVIO's and LAW OFFICE's intentional acts, suffered actual monetary and emotional damages and distress, and is entitled so substantial actual damages as will be shown at trial.

51. LAW OFFICES violated the FDCPA in a second and distinct offense and owes John $1000 in statutory damages, plus actual damages that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

52. CLAVIO violated the FDCPA in a second and distinct offense and owes John $1000 in statutory damages, plus actual damages that will be shown at trial, plus costs, plus any attorney fees that John may incur in prosecuting this action.

### COUNT THREE – THEFT

53. CLAVIO and DEACETIS, working together, decided to keep and/or cash the Money Order in order to deprive John of the money he spent for that money order, and still collect $547 in alleged debt and legal fees.

54. John is therefore entitled to judgment in his favor of $310, tripled to $930 as exemplary damages, plus interest from November 8, 2007, plus all other damages this court shall find justly due and owing.

## COUNT FOUR – BREACH OF AGREEMENT

55. KLEVER GREEN and DEACETIS failed to live up to their agreement by damaging John's lawn and not cutting it in a commercially reasonable manner.

56. KLEVER GREEN and DEACETIS breached DEACETIS' promise to correct the problem.

57. KLEVER GREEN and DEACETIS, in order to "punish" John for his temporary loss of employment, did intentionally damage John's lawn, or alternatively, intentionally damaged John's lawn in order to place themselves into a position where they could demand instant payment as a precondition to remedying their intentional breach of agreement.

58. Alternatively, KLEVER GREEN and DEACETIS owed John a duty to mow his grass in a commercially reasonable manner, which *never* includes leaving a thick, stinking layer of rotting grass clippings on the top of the lawn, or remowing said clippings and driving them into the lawn to avoid bagging said clippings, and said defendants breached that duty, and said breach was the proximate cause of all of John's damages.

59. John is damaged in an amount exceeding $650 to correct KLEVER GREEN's and DEACETIS' negligence or intentional malfeasance.

60. John is therefore entitled to judgment against KLEVER GREEN and DEACETIS, jointly and severally, for $650 plus costs plus exemplary/punitive damages in an amount in excess of $75,000.

### COUNT FIVE -- EXTORTION

61. CLAVIO and LAW OFFICES knew that no lawsuit on behalf of KLEVER GREEN could be properly brought under any theory of recovery.

62. Nonetheless, as a licensed attorney, CLAVIO, on behalf of LAW OFFICES, did threaten, without legal authority, to bring such a lawsuit against John in the SECOND LETTER.

63. CLAVIO intended to use his position as an attorney to terrorize John into paying a debt that CLAVIO knew John did not owe, and intended to violate the Illinois Rules of Professional conduct, and intended to violate the Illinois Criminal Code of 1961, by intimidating John into paying money not lawfully due to both him and his client.

64. CLAVIO does not have and cannot reasonably form a good-faith belief that he could prevail against John in a lawsuit to recover money which KLEVER GREEN was already paid in the Money Order.

65. These acts constitute extortion at the common law, and in violation of Illinois state law, 720 ILCS 5/12-6.

66. Inasmuch as extortion, especially by an attorney at law, is an especially reprehensible act, there is a need to assess punitive damages to punish said conduct and serve as an example to all attorneys to refrain from threatening legal action where the attorney cannot possibly form a good-faith belief that the action is proper.

67. CLAVIO and LAW OFFICES, jointly and severally, are liable to John for damages, in excess of $75,000, plus punitive damages as may be shown to be appropriate at trial.

68. John also respectfully prays this court refer CLAVIO to the Illinois Attorney Registration and Disciplinary commission, along with the trial record, in order that the ARDC might take disciplinary action against CLAVIO to prevent him from similarly abusing his office of this court in the future.

### COUNT SIX -- DECLARATORY JUDGMENT

69. KLEVER GREEN failed to fully perform under the alleged agreement between it and John.

70. KLEVER GREEN failed to perform under the alleged agreement between it and John when it damaged John's lawn by its shoddy, or intentionally damaging, acts, which caused significant damage to John's lawn.

71. Wherefore, John seeks declaratory relief that KLEVER GREEN failed in its consideration to John for his money, and that John owes KLEVER GREEN and DEACETIS nothing.

## RELIEF

Wherefore, PREMISES CONSIDERED, John prays for all of the relief prayed in this complaint, plus all other relief that this honorable court may deem just and proper.

DATED NOVEMBER 20, 2007:

**PLAINTIFF DEMANDS A JURY TRIAL FOR ALL COUNTS SO TRIABLE.**

*/s/ John F. Tamburo*

John F. Tamburo
Plaintiff
15960 Rolland Court
Manhattan IL 60442
815-342-4068

**CLAVIO LAW OFFICES, P.C.**

EXHIBIT
1

October 4, 2007

Mr. John Tamburo
15960 Rolland Ct
Manhatten, IL 60442

                            Re:    **Klever Green Landscaping**
                                        **Past Due Invoice**

Dear Mr. Tamburo:

PLEASE BE ADVISED THAT I REPRESENT KLEVER GREEN LANDSCAPING IN AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.

At the present time, your account is in arrears in the amount of $397.00. In addition, accumulated late fees and legal frees bring the amount which is owed to $547.00.

Please contact my office as soon as possible to discuss payment of this debt, so that we may resolve this matter without having to resort to additional legal expenses. Expenses which, according to the terms of your agreement with Klever Green, you are responsible for paying.

Regrettably, if this matter cannot be resolved within thirty (30) days of this letter, you leave my client no choice but to pursue further legal action.

                                                      Very truly yours,

                                                      Christopher C. Zelnis

**JOHN C. CLAVIO**
ATTORNEY AT LAW

EXHIBIT 2

November 13, 2007

Mr. John F. Tamburo
15960 Rolland Court
Manhattan, IL 60442

Re: Klever Green Landscaping vs. John F. Tamburo

Dear Mr. Tamburo:

I am in receipt of your Safeway money order in the amount of $310.00 and your letter of November 6, 2007 wherein you indicate that this is in full payment of all claims due. After discussing same with my client, they advised me that that does not even cover the full invoice (a copy of which is enclosed). You will note that the invoice included expenses for the month of September which need to be paid as well as a bounced check fee.

Your letter indicated that the check should have been sent through a second time. That is irrelevant as a fee is still charged at the first NSF, which per the contract my client is entitled to seek reimbursement. In addition, the total balance due of $397.00 does not include any of the attorney's fees. Again pursuant to the terms of your contract such fees are recoverable from you.

Accordingly, my clients reject your check in the amount of $310.00 and demand full payment in the amount of $547.00 breaking out as $397.00 for payment of the invoice in full dated September 26, 2007 and legal fees in the amount of $150.00. As previously stated in the event this is not accepted by you my client intends to file suit to recover all expenses. Accordingly, in the event a check is not received by my office for the total amount of $547.00 I have been instructed to file suit.

Very truly yours,

John C. Clavio
Attorney at Law

JCC:rmd

Cc: Robert Deacetis

10277 WEST LINCOLN HIGHWAY
FRANKFORT, IL 60423
815.464.8290
FAX 815.464.8294
CLAVIOLAW@AOL.COM